IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

In re the Marriage of:

NANCY SAILORS McNEIL, *Petitioner/Appellant,*

*v.*

ROBERT NICHOLAS HOSKYNS, *Respondent/Appellee.*

No. 1 CA-CV 12-0685

FILED 09-30-2014

---

Appeal from the Superior Court in Maricopa County
No. FC2005-052833, FC2005-092137
The Honorable Gerald Porter, Judge

**AFFIRMED**

---

COUNSEL

Hymson, Goldstein & Pantiliat, PLLC, Scottsdale
By Yvette D. Ansel
*Counsel for Petitioner/Appellant*

Gillespie, Shields & Durrant, Mesa
By Mark A. Shields, DeeAn Gillespie Strub
*Counsel for Respondent/Appellee*

---

**OPINION**

---

Chief Judge Diane M. Johnsen delivered the opinion of the Court, in which Acting Presiding Judge Patricia K. Norris and Judge Kenton D. Jones joined.

---

**J O H N S E N**, Judge:

**¶1** By statute, the superior court lacks jurisdiction to modify a dissolution decree approving the parties' agreement that spousal support may not be modified. We hold in this appeal that the statute does not apply to a non-modifiable spousal support order that is the product of a fraud on the court.

## FACTS AND PROCEDURAL HISTORY

**¶2** Nancy S. McNeil ("Wife") and Robert Hoskyns ("Husband") married in 1985.[1] In 2005, Wife petitioned for dissolution, and the parties signed an agreement, which the court adopted, by which Husband agreed to pay Wife $5,000 a month in temporary child and spousal support, commencing January 2006. Husband is a dentist. Through an oversight, he and someone else at his dental office each arranged for automatic withdrawals of his monthly support payment from his office account. As a result, for the next 17 months, double payments were withdrawn from Husband's account and forwarded to Wife. Wife knew she was receiving double payments, but did not alert Husband, who did not know of the overpayments.

**¶3** At the trial on their dissolution in May 2007, the parties orally affirmed an agreement their lawyers put on the record, consistent with Arizona Rule of Family Law Procedure 69, that Husband would pay Wife $5,000 each month in spousal support for an additional six years, commencing June 2007. The agreement also provided that spousal support would be non-modifiable and non-terminable. The superior court

---

[1] We view the facts in the light most favorable to upholding the superior court's ruling on spousal support and will affirm the judgment if reasonable evidence supports it. *Boyle v. Boyle*, 231 Ariz. 63, 65, ¶ 8, 290 P.3d 456, 458 (App. 2012).

questioned both parties about any spousal support payments still owing under their prior agreement. Husband responded that he still owed $2,500. Wife did not disclose that as of that date, Husband unwittingly had paid $85,000 more than was due. In October 2007, the court approved the agreement and repeated its terms in the dissolution decree. After entry of the decree, Wife continued to receive some double spousal support payments, but still did not notify Husband of the mix-up.

¶4　　　　　In October 2009, Wife filed a Petition to Enforce Spousal Maintenance, claiming Husband owed more than $14,000 in arrears. At the time, she knew that even though Husband had missed some post-decree payments, overall, he had overpaid her by tens of thousands of dollars since the start of the dissolution proceedings. After reviewing a court-ordered accounting that revealed the overpayments, Husband filed a response and counter-petition asking the court for relief from provisions in the decree waiving all *pendente lite* claims and establishing the non-modifiable spousal support obligation. Husband attached an email from Wife in which she had threatened to notify the dental licensing board of his alleged nonpayment in order to have his dental license revoked.

¶5　　　　　Wife filed a response to Husband's counter-petition and a separate petition to hold him in contempt, claiming he owed $49,102 in arrearages. She eventually withdrew her contempt petition, but not before Husband was arrested and briefly jailed. After a hearing on Wife's petition to enforce, the superior court found in October 2010 that Husband was entitled to interest of $3,147 on overpayments made between June 2007 and July 2009, but that he still owed spousal support payments totaling $59,100 through July 2010. Postponing consideration of Husband's contention that any post-decree arrearages should be reduced by the sum of the pre-decree overpayments, the court awarded Wife $59,100 in past-due spousal support, along with attorney's fees and costs, less the accrued interest due Husband.

¶6　　　　　At an evidentiary hearing in August 2011, the superior court heard Husband's petition to set aside spousal maintenance. Wife testified she had known she was receiving overpayments and that the pre-decree overpayments totaled about $85,000. Husband testified he was unaware of the overpayments until November 2009.

¶7　　　　　The superior court found Wife had committed three instances of fraud on the court that authorized it to modify the non-modifiable spousal maintenance term of the decree pursuant to *In re Marriage of Waldren*, 217 Ariz. 173, 175 n.3, ¶ 10, 171 P.3d 1214, 1216 n.3

3

(2007). The court vacated the prior order requiring Husband to pay post-decree arrearages, terminated Husband's spousal maintenance obligation effective May 1, 2010, and imposed a $5,000 sanction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-349 (2014) against Wife for her "repeated fraud and misrepresentations to the Court which resulted in numerous, unnecessary hearings."[2] The court also awarded Husband his attorney's fees and costs.

¶8 We have jurisdiction of Wife's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. § 12-2101(A)(2) (2014).

## DISCUSSION

¶9 Wife argues that pursuant to A.R.S. § 25-317(G) (2014), the superior court lacked jurisdiction to modify the agreed non-modifiable spousal support provision of the dissolution decree. We review *de novo* the court's jurisdiction to modify the award. *Waldren*, 217 Ariz. at 175, ¶ 6, 171 P.3d at 1216.

¶10 Dissolution proceedings are statutory actions, and "the trial court has only such jurisdiction as is granted by statute." *Weaver v. Weaver*, 131 Ariz. 586, 587, 643 P.2d 499, 500 (1982) (citations omitted). In the ordinary course, the superior court maintains "continuing jurisdiction" over spousal maintenance, and it may modify a support award if the parties' circumstances substantially change. *See Waldren*, 217 Ariz. at 175, ¶ 8, 171 P.3d at 1216.

¶11 By statute, however, "[i]f both parties agree, the maintenance order and a decree of dissolution of marriage or of legal separation may state that its maintenance terms shall not be modified." A.R.S. § 25-319(C) (2014). Moreover, "entry of a decree that sets forth or incorporates by reference a separation agreement that provides that its maintenance terms shall not be modified prevents the court from exercising jurisdiction to modify the decree and the separation agreement regarding maintenance . . . ." A.R.S. § 25-317(G) (2014). *Waldren* held that even in the face of substantially changed circumstances that otherwise might permit modification of spousal maintenance, if the parties have agreed that

---

[2] Absent material revision after the date of the events at issue, we cite a statute's current version.

maintenance may not be modified and the decree so orders, § 25-317(G) divests the court of jurisdiction to consider a subsequent petition to modify. 217 Ariz. at 175, ¶¶ 9-10, 171 P.3d at 1216.

¶12 *Waldren* left open, however, whether fraud by one of the parties may render the statutory bar ineffective. There were no allegations of fraud in that case, and the supreme court noted, "We do not address whether fraud or duress in the making of a non-modification agreement may render such a provision void." *Id.* at 175 n.3, ¶ 10, 171 P.3d at 1216 n.3; *see also* Ariz. R. Fam. Law P. 85(C)(3) (time limits applying to motion to set aside judgment do "not limit the power of a court . . . to set aside a judgment for fraud upon the court").

¶13 The superior court in this case found Wife committed fraud on the court that voided the parties' agreement that spousal maintenance could not be modified. We will affirm a finding of fact by the superior court unless it is clearly erroneous. Ariz. R. Fam. Law P. 82(A); *see also Valley Med. Specialists v. Farber*, 194 Ariz. 363, 366, ¶ 9, 982 P.2d 1277, 1280 (1999). Factual findings are not clearly erroneous if substantial evidence supports them, even if there is substantial conflicting evidence. *Kocher v. Dep't of Revenue of State of Ariz.*, 206 Ariz. 480, 482, ¶ 9, 80 P.3d 287, 289 (App. 2003).

¶14 Fraud on the court is a variety of extrinsic fraud. *See, e.g., Dockery v. Cent. Ariz. Power & Light Co.*, 45 Ariz. 434, 450-51, 45 P.2d 656, 662-63 (1935). The doctrine may allow relief when, by fraud, a party has prevented "a real contest before the court of the subject matter of the suit," *id.*, or, put differently, has committed "some intentional act or conduct . . . [that] has prevented the unsuccessful party from having a fair submission of the controversy," *Bates v. Bates*, 1 Ariz. App. 165, 169, 400 P.2d 593, 597 (1965). The court has the power to set aside a judgment "[w]hen a party obtains a judgment by concealing material facts and suppressing the truth with the intent to mislead the court." *Cypress on Sunland Homeowners Ass'n v. Orlandini*, 227 Ariz. 288, 299, ¶ 42, 257 P.3d 1168, 1179 (App. 2011) (complaint contained false statements and material omissions, and counsel made false statements in ex parte hearing); *see also Gordon v. Gordon*, 35 Ariz. 357, 364-65, 278 P. 375, 377-78 (1929) (wife lied in affidavit about where husband lived to excuse her failure to provide notice).

¶15 A judgment resulting from a fraud on the court may be set aside by motion or by an independent action. *Cypress*, 227 Ariz. at 299, ¶ 42, 257 P.3d at 1179. More specifically, we have held that a party may be entitled to equitable relief from a provision of a dissolution decree that is

"procured by extrinsic fraud." *Bates*, 1 Ariz. App. at 168, 400 P.2d at 596 (when judgment is the product of extrinsic fraud, "equity will act to prevent a failure of justice, for fraud is the arch enemy of equity").

¶16 Consistent with these cases, we hold that A.R.S. § 25-317(G) does not divest the superior court of jurisdiction to modify a decree imposing spousal support that the parties have agreed may not be modified when the decree is the product of a fraud on the court. In such a case, the party's fraud has damaged the "integrity of the judicial process" and is a "wrong against the institutions set up to protect and safeguard the public." *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 246 (1944), *abrogated on other grounds, Standard Oil of Cal. v. United States*, 429 U.S. 17 (1976); *see also Cleveland Demolition Co., Inc. v. Azcon Scrap Corp.*, 827 F.2d 984, 986 (4th Cir. 1987) (fraud on the court is a "corruption of the judicial process itself") (quoting *In re Whitney-Forbes,* 770 F.2d 692, 698 (7th Cir. 1985)). When such fraud prevents the court from considering the fairness of an agreement that spousal support may not be modified, § 25-317(G) will not preclude relief.

¶17 The superior court found Wife committed fraud on the court when she entered in the Rule 69 agreement and submitted it for approval in May 2007, and knew but did not disclose in response to the court's question about the status of Husband's then-current obligations that he had overpaid her roughly $85,000 in pre-decree support payments. The court found that because of Wife's failure to disclose the overpayments, the parties' spousal support agreement "was shrouded in fraud and misrepresentation at the time of the entry of the Decree."

¶18 The record supports the superior court's findings. So far as Husband and the court were aware, the status of Husband's support payments was not a matter in dispute at the time of the dissolution trial in 2007, and Husband's response to the court's query, uncorrected by Wife, constituted the premise of the court's decision to accept as fair the parties' agreement concerning his post-decree support obligations. When Wife failed to disclose the overpayments to the court, she permitted the court to proceed on the misunderstanding that Husband actually owed $2,500 in pre-decree payments when in reality he had overpaid by more than $85,000.

¶19 Wife argues fraudulent concealment cannot constitute a fraud on the court justifying relief from a judgment. To the contrary, "concealment of material facts may form the basis of an action in equity for extrinsic fraud." *Bates*, 1 Ariz. App. at 168, 400 P.2d at 596. By failing

to disclose when she and Husband presented their spousal support agreement to the court that she had received thousands of dollars in double payments drawn from Husband's account, Wife effectively prevented a fair adjudication of the amount Husband should be ordered to pay in post-decree spousal maintenance. *See* A.R.S. § 25-317(B), (C) (court may decline to adopt a spousal maintenance agreement it concludes is unfair).

¶20　　　　Wife also argues that fraud on the court may be committed only by an officer of the court, not by a party. We do not accept that contention. *See Gordon*, 35 Ariz. at 365-66, 278 P. at 378 (plaintiff committed fraud on the court by affidavit falsely representing she did not know where defendant lived); *Bates*, 1 Ariz. App. at 168-69, 400 P.2d at 597-98 (husband concealed real property during divorce decree proceedings); *Mt. Ivy Press, LP v. Defonseca*, 937 N.E.2d 501, 509 (Mass. App. 2010) ("Although fraud on the court typically involves officers of the court, we are unprepared to say that pro se litigants are in all circumstances insulated from committing fraud on the court."); *Ray v. Ray*, 647 S.E.2d 237, 241 (S.C. 2007) (wife committed fraud on court by misrepresenting existence of marital assets in court-ordered accounting). The fact that the false statements and concealments the superior court found were made by Wife, rather than by her lawyer, does not invalidate its finding.

¶21　　　　Wife finally argues Husband could have discovered the overpayments and called them to the court's attention at the 2007 dissolution trial. Although Husband's diligence, or lack of it, would be relevant to a claim of common-law fraud, no such defense applies to a claim of fraud on the court. *See, e.g., Hazel-Atlas Glass*, 322 U.S. at 246, 250; *see also Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1262 n.2 (10th Cir. 1995). As the Supreme Court explained in *Hazel-Atlas Glass*, fraud on the court "involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public . . . ." 322 U.S. at 246. For that reason, the Court held, "preservation of the integrity of the judicial process" must not always "wait upon the diligence of litigants." *Id*. Although *Hazel-Atlas Glass* involved a patent, the same rule has been applied in a purely private dispute. *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1133 (9th Cir. 1995) ("even assuming [the plaintiff] was not diligent in uncovering the fraud, the district court was still empowered to set aside the verdict, as the court itself was a victim of the fraud.").

¶22        We affirm the superior court's finding that the 2007 order adopting the parties' spousal support agreement was the product of a fraud on the court. Wife's fraud authorized the superior court to exercise its equitable power in 2011 to grant Husband's petition to modify the support obligation and to grant any appropriate associated relief. *See* Ariz. R. Fam. Law P. 85(C)(3); *see also Cypress*, 227 Ariz. at 299, ¶ 42, 257 P.3d at 1179.[3]

¶23        The superior court also found Wife committed fraud when she failed to disclose Husband's overpayments in her subsequent petitions for contempt and for enforcement. On those occasions, unlike in the dissolution trial, the amount Husband had paid in support, and any cumulative arrearages due, were directly before the court for resolution. A false statement to the court about a matter in dispute rarely will constitute a fraud on the court. *See Dockery,* 45 Ariz. at 454, 45 P.2d at 664 (collateral attack on judgment not allowed by complaint presenting issue decided in the judgment); *George P. Reintjes Co., Inc. v. Riley Stoker Corp.,* 71 F.3d 44, 49 (1st Cir. 1995) (perjury is "hazard of the adversary process with which litigants are equipped to deal through discovery and cross-examination").[4]

¶24        Although misrepresentations and concealments in Wife's post-decree filings did not constitute extrinsic fraud, a false statement under oath about a matter in dispute may subject that party to sanctions.

---

[3]        Wife argues only that the superior court lacked jurisdiction to modify the agreed-upon spousal support obligation. She does not argue that, if the court had jurisdiction, it abused its discretion by deciding to terminate Husband's spousal support payments as of 2010.

[4]        As the Supreme Court explained in *Hazel-Atlas Glass Co.*, 322 U.S. at 261, n.18:

> The classical example of intrinsic as contrasted with extrinsic fraud is the commission of perjury by a witness. While perjury is a fraud upon the court, the credibility of witnesses is in issue, for it is one of the matters on which the trier of fact must pass in order to reach a final judgment. An allegation that a witness perjured himself is insufficient [to justify relief as extrinsic fraud] because the materiality of the testimony, and opportunity to attack it, was open at the trial.

*See A*.R.S. § 12-349; Ariz. R. Fam. Law P. 31.  Having found Wife's post-decree filings contained false statements and fraudulent concealment, the superior court was authorized to impose appropriate penalties, including the $5,000 sanction and Husband's attorney's fees and costs.  *Id.*

**¶25**        Both parties ask for their attorney's fees on appeal pursuant to A.R.S. § 25-324 (2014) (court may grant fees after considering parties' financial resources and the reasonableness of their positions).  Because we are unaware of the parties' current financial resources, we deny the requests without prejudice to renewal in the superior court.  We grant Husband his costs on appeal contingent on compliance with Arizona Rule of Civil Appellate Procedure 21.

### CONCLUSION

**¶26**        For the foregoing reasons, we affirm the relief the superior court granted Husband in its orders issued September 19, 2011, and February 10, 2012.



Ruth A. Willingham · Clerk of the Court
FILED: gsh