NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

ELLEN MICHELE CAMARGO, *Petitioner/Appellee*,

*v.*

DANIEL MARC ANTON CAMARGO, *Respondent/Appellant*.

No. 1 CA-CV 16-0720 FC
FILED 9-26-2017

Appeal from the Superior Court in Maricopa County
No. FC2015-094491
The Honorable Laura M. Reckart, Judge

**AFFIRMED IN PART; VACATED IN PART; AND REMANDED**

COUNSEL

Law Office of Amber L. Guymon, PLLC, Gilbert
By Amber L. Guymon
*Counsel for Petitioner/Appellee*

Lawrence B. Slater, PLLC, Gilbert
By Lawrence B. Slater
*Counsel for Respondent/Appellant*

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Diane M. Johnsen joined.

**C R U Z**, Judge:

¶1　　　　Daniel Marc Anton Camargo ("Father") appeals from the superior court's dissolution decree and denial of his motion for new trial. For the following reasons, we affirm in part, vacate in part, and remand to the superior court for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2　　　　Ellen Michele Camargo ("Mother") petitioned for dissolution of marriage to Father. Father, at the time represented by counsel, filed his response, contesting several of Mother's claims. Mother and Father filed proposed resolution statements and a conference was held addressing parenting time and setting a date for a temporary orders hearing. Shortly before the temporary orders hearing, Father's counsel withdrew due to a conflict of interest and Father then proceeded without counsel.

¶3　　　　At the temporary orders hearing, Mother presented exhibits and testimony; Father presented limited testimony and no exhibits. The court ordered Father to pay child and spousal support, awarded sole legal decision making to Mother on a temporary basis, and ordered the parties to follow the parenting time plan established by their counselor. Trial was set and the court ordered deadlines for discovery and the submission of trial exhibits.

¶4　　　　Before trial, a scheduled settlement conference was vacated because of Father's failure to comply with his discovery obligations. The court granted Mother's motion to compel and awarded Mother corresponding attorneys' fees of $675. Father's deposition was taken one day prior to the close of discovery.

¶5　　　　Thereafter, Mother moved to compel the sale of rental property and for an order to show cause why Father should not be held in contempt for his failure to pay court-ordered child support and spousal maintenance. These issues were to be addressed on the day of trial.

¶6            On the first day of the dissolution trial, Mother testified about the marital residence, vehicles, and various accounts. Mother testified the parties had agreed at a meeting before trial to divide these assets pursuant to Father's pretrial statement. Mother also introduced Father's deposition testimony into evidence, and it was admitted without objection. Father, representing himself, examined Mother and her witness. The superior court put on the record the parties' agreement to sell the Geronimo residence and divide the proceeds equally, and ordered the parties to file a written formal order documenting any remaining agreements. The court continued the remainder of the trial. No additional agreements were documented by the parties.

¶7            On the second day of trial, the court began by asking where it had left off. Mother's counsel noted that Father "still needed to testify," but Father stated he wanted to finish cross-examining Mother. After Father finished cross-examining Mother, the superior court asked him if he had any additional witnesses, and he said no. The court took the matter under advisement without testimony from Father.

¶8            Shortly thereafter, Mother filed a notice purportedly summarizing agreements the parties had made pursuant to Arizona Rule of Family Law Procedure ("Rule") 69 and advised the court that Father had not signed the document because he wanted additional time to review it. Father did not respond to Mother's Rule 69 notice and never signed it. Later, Mother filed a "Notice of Submission of Newly Discovered Evidence" stating Father had obtained new employment that he had not disclosed. Mother mailed a copy of her notice to Father.

¶9            The court then issued an order rescinding its order placing the matter under advisement, and stated it would issue a new under-advisement date "at a later date upon the scheduling of a Status Conference with the parties." The court held a nineteen-minute status conference on July 26, at which it addressed financial issues, legal decision making, parenting time, and Mother's notice of newly discovered evidence. Father was not present. No new evidence was presented, but Mother's counsel addressed her position on the issues, based on the evidence taken under advisement at trial. Although the court stated in its minute entry following the status conference that Father had "actual notice" of the hearing, the record is devoid of any notice of the status conference to either party. The court ended the conference by affirming all temporary orders that were currently in place.

¶10 On September 23, 2016, the court entered its decree. It found the parties entered a Rule 69 agreement on issues including the marital residence, vehicles, accounts, and reimbursement to Mother of certain expenses. The court noted and found that although Father had not signed the agreement, both parties had entered the agreement knowingly. The court accepted the Rule 69 agreement and reduced it to judgment. The decree also addressed the other matters in dispute below.

¶11 Father filed a motion for new trial, which the superior court denied.

¶12 We have jurisdiction over Father's timely appeal pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) and (A)(5)(a).

## DISCUSSION

I.    Due Process Argument

¶13 Father argues the superior court did not allow him a meaningful opportunity to be heard at the trial and failed to give him notice of the status conference. We review de novo Father's contention that the superior court denied him due process. *Savord v. Morton*, 235 Ariz. 256, 260, ¶ 16 (App. 2014).

¶14 In Father's pretrial statement he listed himself as a potential witness, and at the outset of the first day of trial, he stated that he planned to call himself as his only witness. At trial, the record shows Father cross-examined witnesses and the superior court gave Father the opportunity to call additional witnesses, but he declined. During the first day of trial the court responded to Father's question regarding the amount of time remaining by stating, "[w]e're obviously not going to finish today because you haven't even had an opportunity to finish your case." During the second day, as Father continued his cross-examination of Mother, the court advised him, "you're at a half an hour now. And so if you're going to want to present anything in your case you're going to have 30 minutes from this point forward."

¶15 Father clearly knew he had a right to testify at the trial. The pretrial statement he himself signed and filed listed himself as a witness, and he told the court at the outset of the trial that he would testify. Further, at the beginning of the second day of trial, Mother's counsel noted that Father still needed to testify. Moreover, the court informed Father during his cross-examination of Mother that he could present evidence in his dedicated portion of the hearing. Father acknowledged the court's

statement, yet failed to object, ask for more time, or otherwise comment when the court took the matter under advisement after Mother's lawyer finished her redirect examination of Mother at the conclusion of the second trial day. Under these circumstances, we find no denial of due process at the two-day trial. *Curtis v. Richardson*, 212 Ariz. 308, 312, ¶ 16 (App. 2006) (noting that meaningful participation includes the cross-examination of witnesses and opportunity to offer evidence).

**¶16** As for the status conference, the record contains no evidence that Father received actual notice of the hearing. When the court rescinded its initial order placing the matter under advisement, it announced it would set a status conference and a new under advisement date later. However, there is no record that the court gave either party notice of the date and time of the status conference. We therefore have no basis on which to defer to the superior court's finding that "Respondent received actual notice of this proceeding and has failed to appear." At the July 26 conference, Mother's counsel presented argument regarding financial issues, legal decision making, and parenting time based on the evidence presented at trial, and also presented argument concerning Mother's notice of newly discovered evidence. On this record, Father suffered prejudice when he was deprived of the opportunity to argue his position at the status conference on those issues, based on the evidence submitted at trial.

**¶17** Because the court violated Father's due process rights by ruling without allowing Father to present argument concerning the issues addressed at the July 26 conference, we vacate and remand the decree for reconsideration of those issues. On remand, the court shall set those issues for re-argument so that Father may present his position before the court rules.

II. Denial of Motion for New Trial

**¶18** Next, Father argues the superior court improperly denied his motion for new trial, which we review for abuse of discretion. *See Matos v. City of Phx.*, 176 Ariz. 125, 130 (App. 1993). To the extent Father's motion was based on his argument that he was deprived of due process during the two-day trial, we have concluded that no due process violation occurred during the trial, and affirm the denial of the motion for new trial on that ground. To the extent that Father's motion was based on his contention that he was deprived of due process at the July 26 status conference, our remand for reconsideration of issues addressed at the status conference moots Father's argument on appeal.

5

III.    Parties' Rule 69 Agreement

**¶19**          Father also argues the superior court erred by finding the parties entered a Rule 69 agreement on any issues other than the Geronimo home.  We review for abuse of discretion a finding concerning whether a party intends to be bound by an agreement.  *Tabler v. Indus. Comm'n*, 202 Ariz. 518, 521, ¶ 12 (App. 2002).  We accept the superior court's factual findings as to the intent of the parties in entering into an agreement, unless they are clearly erroneous.  *McNeil v. Hoskyns*, 236 Ariz. 173, 176, ¶ 13 (App. 2014).  Additionally, agreements between parties in family court "are to be read in light of the parties' intentions as reflected by their language and in view of all circumstances . . . ."  *Harris v. Harris*, 195 Ariz. 559, 562, ¶ 15 (App. 1999).

**¶20**          Rule 69 provides that an agreement between parties shall be presumed to be valid and binding if "the agreement is in writing, or . . . the terms of the agreement are set forth on the record before a judge."  Ariz. R. Fam. Law P. 69(A)-(B).

**¶21**          At the end of the first day of trial, the parties put a partial Rule 69 agreement on the record to expedite the sale of the Geronimo residence.  The court engaged the parties in a colloquy under oath, to determine whether they were knowingly entering this partial agreement.  Two weeks passed before the court and parties reconvened for the second and final day of trial.  No further agreements, under Rule 69 or otherwise, were entered by the parties.

**¶22**          On April 25, 2016, Mother's counsel filed a "Notice of Filing Parties' Rule 69 Agreements Entered In Open Court on March 24, 2016."  This Notice contained the Rule 69 agreement concerning the Geronimo residence that was entered in open court on March 24; however, it also listed purported agreements concerning other community property based on pretrial settlement negotiations that the parties never finalized.  It is undisputed that Father never signed the written agreement, and the record contains no agreement by Father to those additional items in open court.  At the July 26 status conference, Mother's counsel advised the court that she filed the agreements reached by the parties before trial, but later Father disclaimed those agreements.  Because the record shows no writing or manifestation of assent by Father to enter a Rule 69 agreement as to any property other than the Geronimo residence, the court erred by accepting the notice of agreement as to the other items.

¶23        The court based its distribution of community property in the decree on its finding that the purported Rule 69 agreement was valid. Because the court erred in finding such an agreement except as to the Geronimo home, we vacate the decree's apportionment of community property other than the Geronimo home and remand to the superior court for apportionment on the basis of a fair and equitable allocation, supported by reasonable evidence. *In re Marriage of Flower*, 223 Ariz. 531, 536, ¶¶ 17-18 (App. 2010).

IV.    Legal Decision Making, Parenting Time, Child Support, Spousal Maintenance, Unreimbursed Medical Expenses, Temporary Orders, Attorneys' Fees, and Contempt

¶24        Father argues the superior court also erred in (1) awarding sole legal decision-making authority to Mother, with limited parenting time awarded to Father, child and spousal support, and attorneys' fees; (2) ordering him to pay uninsured medical expenses for the children; (3) reaffirming temporary orders; and (4) finding him in contempt. This Court reviews these determinations for an abuse of discretion. *Hurd v. Hurd*, 223 Ariz. 48, 51, ¶ 11 (App. 2009); *In re Marriage of Berger*, 140 Ariz. 156, 167 (App. 1983).

¶25        Father's argument as to these issues is based on his contention that he was deprived of due process at the July 26 status conference. Based on our conclusion that he was deprived of due process at that conference, we also remand these issues as outlined above, see ¶ 16, supra.

V.    Past-Due Child Support

¶26        Father argues the court erred in calculating the amount of past-due child support. Because we remand to provide Father the opportunity to argue his position in respect to child support, we similarly remand to the superior court to determine the appropriate amount of any past-due child support after Father has the opportunity to present argument before the court.

**CONCLUSION**

¶27        At the July 26 status conference, Father was deprived the opportunity to argue his position on the evidence submitted at trial. On remand, the court shall grant the parties the opportunity to argue their positions on the matters addressed at the July 26 conference that Father did not attend. As to the division of community property, the parties entered no agreements under Rule 69, except as to the Geronimo home.

7

Accordingly, the court must make specific factual findings as to a fair and equitable allocation of property, but may base its decree on the evidence already contained in the record.

**¶28**        Both parties seek an award of attorneys' fees on appeal. After considering the parties' financial resources and the reasonableness of their positions, we deny attorneys' fees on appeal to either party. Upon compliance with Arizona Rule of Civil Appellate Procedure 21, we award Father his costs on appeal.

**¶29**        For the foregoing reasons, we affirm in part, vacate in part, and remand to the superior court for further proceedings in compliance with this decision.

