IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JOSEPH GARCIA, *Petitioner/Appellant,*

*v.*

TIFFANY ISON, *Respondent/Appellee.*

No. 1 CA-CV 24-0352 FC

FILED 07-22-2025

Appeal from the Superior Court in Navajo County
No. S0900DO202300053
The Honorable Melinda K. Hardy, Judge

**REVERSED IN PART, VACATED IN PART, AND REMANDED**

COUNSEL

Joseph Garcia, Pinetop
*Petitioner/Appellant*

White Mountain Law Group, PLC, Show Low
By Michael R. Ellsworth
*Counsel for Respondent/Appellee*

**OPINION**

Presiding Judge Kent E. Cattani delivered the opinion of the Court, in which Judge Samuel A. Thumma and Judge Angela K. Paton joined.

**C A T T A N I**, Judge:

¶1          Joseph Garcia appeals from the superior court's ruling granting Tiffany Ison relief from a paternity judgment based on a fraud on the court in which Ison herself admittedly participated. In this opinion we reaffirm the principle that a perpetrator of fraud is not entitled to rely on their own misconduct as grounds for relief from a judgment procured by their own fraud—even if the opposing party was also allegedly complicit. Accordingly, we reverse the ruling setting aside the paternity judgment, vacate the ruling on Garcia's related motion to amend his petition to modify, and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL BACKGROUND

¶2          Child was born to Ison in September 2013; no father was listed on Child's birth certificate. Garcia and Ison were married two months later, and they had another child ("Sibling") during the marriage.

¶3          Garcia petitioned for dissolution in mid-February 2023. Legal decision-making and parenting time were at issue in the dissolution, and Ison and Garcia listed both Child and Sibling as their children. The parties reached agreements on disputed issues, and the superior court entered a dissolution decree on February 27, 2023, specifically declaring that Garcia was Child's father and providing for joint legal decision-making and roughly equal parenting time as to both children. The same day, Garcia and Ison executed an acknowledgment of paternity averring that Garcia was Child's father. A new birth certificate was then issued adding Garcia as Child's father.

¶4          A few months later, Garcia petitioned to modify legal decision-making and parenting time as to Sibling, alleging domestic violence in Ison's household. Sibling was the only child living with Ison at the time. In response, Ison alleged for the first time that Garcia was not Child's genetic parent. Garcia later sought leave to amend his modification petition to add Child, who was then living in Ison's household.

¶5          On February 1, 2024, while the modification proceedings remained pending, Ison filed a motion for relief from the paternity judgment that had established Garcia's paternity of Child, alleging that both she and Garcia had "made a false allegation to the Court in alleging that [Garcia] was the father." Garcia opposed, denying (or characterizing as inapplicable) Ison's false-allegation assertion and arguing that, in any case, Ison was not entitled to relief on the basis of her own fraud.

¶6        During oral argument, the superior court asked Garcia's counsel, "Is [Garcia] the biological father of [Child]?" and counsel responded, "No." Counsel asserted that, although not Child's genetic father, Garcia was nevertheless "the father, as a matter of law" and "for all intents and purposes legally the father and emotionally the father." Without taking evidence, the court found by clear and convincing evidence that Garcia and Ison both had executed the acknowledgment of paternity despite knowing Garcia was not Child's genetic father and had thereby committed fraud on the court. On that basis, the court granted Ison's motion and set aside the paternity judgment.

¶7        Although the court had initially granted Garcia's request to amend his modification petition to add Child, the court reconsidered and denied leave to amend in light of its finding of fraud on the court and its decision to set aside the paternity judgment. The parties then reached an agreement on modification as to Sibling, which the court approved. After the court entered an appealable judgment on both post-dissolution matters, Garcia timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

¶8        Garcia contends that the superior court erred by setting aside the paternity judgment as to Child based on fraud on the court. He further argues that the court erred by denying leave to amend his modification petition to include Child. We review the superior court's ruling granting relief from judgment for an abuse of discretion, giving deference to its factual findings unless clearly erroneous. *Alvarado v. Thomson*, 240 Ariz. 12, 14, ¶ 11 (App. 2016); *see also* Ariz. R. Fam. Law P. 82(a)(5). We likewise review for an abuse of discretion the court's denial of leave to amend. *See Carranza v. Madrigal*, 237 Ariz. 512, 515, ¶ 13 (2015); *see also* Ariz. R. Fam. Law P. 28(a)(2) ("Leave to amend will be freely given when justice requires."). We consider de novo issues of law such as the interpretation of statutes and rules. *Alvarado*, 240 Ariz. at 14, ¶ 11.

## I.        Relief from Judgment.

¶9        Paternity of a child may be established through a formal paternity action, leading to a paternity judgment issued by the court. *See* A.R.S. §§ 25-801, -803, -806; *see also* Ariz. R. Fam. Law P. 23(a)(6), 78(a)(1). Alternatively, parents of a child born out of wedlock may establish paternity without a court action by filing with the clerk of court or with certain state agencies a signed, witnessed (or notarized) voluntary acknowledgment of paternity. A.R.S. § 25-812(A)(1). Once filed, a

voluntary acknowledgment of paternity "is a determination of paternity and has the same force and effect as a superior court judgment." A.R.S. § 25-812(B)–(C), (D).

**¶10** An interested party may seek relief from either type of paternity determination. For a judgment entered by the family court, Rule 85 of the Rules of Family Law Procedure provides various bases for relief, including "fraud (whether previously called intrinsic or extrinsic) . . . of an opposing party." Ariz. R. Fam. Law P. 85(b)(3). Rule 85 applies to voluntary-acknowledgment-based paternity determinations as well, but on statutorily limited grounds, again including fraud. A.R.S. § 25-812(E) (authorizing a challenge after the 60-day period for rescission "only on the basis of fraud, duress or material mistake of fact"); *see also Roger S. v. James S.*, 251 Ariz. 555, 558, ¶¶ 16–17 (App. 2021). In either case, a challenge based on fraud must be brought within six months. Ariz. R. Fam. Law P. 85(b)(3), (c)(1); *see Andrew R. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 453, 458, 460, ¶¶ 19, 23 (App. 2010); *Alvarado*, 240 Ariz. at 15, ¶ 14.

**¶11** The six-month time limit does not apply, however, to a challenge premised on fraud on the court. *See* Ariz. R. Fam. Law P. 85(d)(3); *Alvarado*, 240 Ariz. at 15, ¶¶ 15–16. Fraud on the court is a variety of fraud that is "extrinsic or collateral" to the proceeding leading to the judgment, as opposed to a fraud perpetrated within the proceeding itself (e.g., perjured testimony). *Dockery v. Cent. Ariz. Light & Power Co.*, 45 Ariz. 434, 450–52 (1935). Fraud on the court distorts the judicial process itself, as by intentionally concealing the existence of the litigation from an interested party and thus preventing a "real contest" or "fair submission" of the controversy — or even wholly avoiding a trial on the issue. *Id.* at 451; *McNeil v. Hoskyns*, 236 Ariz. 173, 176–77, ¶ 14 (App. 2014) (citations omitted); *see also, e.g., Gordon v. Gordon*, 35 Ariz. 357, 365–66 (1929) (fraud on the court when wife falsely claimed not to know husband's residence to pursue annulment action "without [husband] having actual knowledge of the pendency of the action and an opportunity to appear and defend"); *McNeil*, 236 Ariz. at 175, 177, ¶¶ 3, 17–18 (fraud on the court when wife concealed double payments of temporary spousal support in lead-up to a Rule 69 agreement, leaving husband and court with the impression that the status of support payments "was not a matter in dispute at the time of the dissolution trial" and thereby wholly preventing consideration of the issue).

**¶12** Filing a fraudulent acknowledgment of paternity may be fraud on the court precisely because doing so (1) avoids notice and a hearing on the identity of the child's genetic father, and (2) bypasses

Arizona's adoption procedures, including the requisite judicial best-interests determination. *Alvarado*, 240 Ariz. at 16–17, ¶¶ 19, 21. For the same reasons, knowingly false statements regarding paternity during a dissolution action (or other paternity action) may likewise result in fraud on the court. *Clark v. Kreamer*, 243 Ariz. 272, 276, ¶¶ 13–15 (App. 2017).

**¶13**        Because Ison moved for relief from judgment more than six months after Garcia's paternity judgment as to Child was entered, fraud on the court was her only potentially viable ground for relief. Ariz. R. Fam. Law P. 85(b)(3), (c)(1), (d)(3); *see also* A.R.S. § 25-812(E); *Alvarado*, 240 Ariz. at 15, ¶¶ 14–16. Ison alleged as much, asserting that both she and Garcia "made a false allegation to the Court in alleging that [Garcia] was the father." And the superior court found both Ison and Garcia committed fraud on the court by listing Garcia as Child's genetic father in the dissolution proceedings and on the acknowledgment of paternity "when they both knew he was not." As to Garcia's role, the court specifically recited that Garcia's counsel avowed Garcia "is not the biological father and he knew he was not the biological father when he signed the Acknowledgment of Paternity."

**¶14**        But this last finding—about Garcia's knowledge during the dissolution proceedings and when he acknowledged paternity—is not supported by the record. Fraud on the court must be established by clear and convincing evidence, and it necessarily requires that the perpetrator knew at the time that the offending conduct was false or would mislead the court. *See Clark*, 243 Ariz. at 275, ¶ 13; *Lake v. Bonham*, 148 Ariz. 599, 601–02 (App. 1986); *see also Dockery*, 45 Ariz. at 451 ("*knowingly* defrauding") (emphasis added); *McNeil*, 236 Ariz. at 177, ¶ 14 ("obtain[ing] a judgment by concealing material facts and suppressing the truth *with the intent to mislead* the court") (emphasis added) (quoting *Cypress on Sunland Homeowners Ass'n v. Orlandini*, 227 Ariz. 288, 299, ¶ 42 (App. 2011)).

**¶15**        Ison's assertion that she and Garcia both "made a false allegation to the Court" regarding Child's parentage was a concession that she knew during the dissolution proceedings that Garcia was not Child's genetic father. But Garcia did not admit that allegation when responding to Ison's motion. And while his counsel avowed in open court that Garcia *is not* Child's genetic father, counsel did not touch on *when* Garcia discovered that fact or *whether he knew* as much during the dissolution and when signing the acknowledgment of paternity. The court received no further evidence. This left the court with a basis to find that Ison had committed fraud on the court based on her own admission, but no adequate basis to find that Garcia had also done so.

¶16　　　　Moreover, even assuming Garcia signed the acknowledgment knowing it was false, the superior court erred by granting Ison relief based on "fraud on the court" because she herself participated in the fraud. Relief from judgment generally—and relief for fraud on the court in particular—is grounded in principles of equity, which affords relief to an *innocent* party. *In re Marriage of Worcester*, 192 Ariz. 24, 26, ¶ 6 (1998); *see also United States v. Throckmorton*, 98 U.S. 61, 66, 68 (1878) (describing authority of "a court of equity" to set aside a judgment between the same parties based on an extrinsic "fraud practised directly upon the party seeking relief against the judgment or decree"). Cases describing the availability of relief for fraud on the court echo this principle, whether explicitly or implicitly. *Worcester*, 192 Ariz. at 26, ¶ 6; *McQuillen v. Hufford*, 249 Ariz. 69, 74, ¶ 17 (App. 2020); *see also, e.g.*, *Dockery*, 45 Ariz. at 451 (relief for "fraud or deception practiced on the unsuccessful party"); *Honk v. Karlsson*, 80 Ariz. 30, 33 (1956) (relief when "the defrauded person" has been excluded from the proceeding); *McNeil*, 236 Ariz. at 176–77, ¶ 14 (relief for fraud that "has prevented the unsuccessful party from having a fair submission") (citation omitted).

¶17　　　　So while an innocent party (e.g., a genetic father excluded from the proceedings) may seek relief at any time from a judgment procured by the fraud of others, one who participates in perpetrating the fraud is "precluded, as a matter of law, from seeking relief based on [their] own fraudulent misrepresentations." *McQuillen*, 249 Ariz. at 74, ¶ 17; *see also Honk*, 80 Ariz. at 33–34 ("It is a fundamental principle of equity that no one can take advantage of his own wrong."). As our supreme court put it, those who perpetrate a fraud to procure a judgment are "simply not in a position to claim extraordinary circumstances of hardship or injustice, having brought the circumstances upon [themselves]." *Worcester*, 192 Ariz. at 26, ¶ 6. It is thus no surprise that the cases granting relief from a paternity judgment due to fraud on the court uniformly arise from a request from a party that did not participate in the fraud. *See Clark*, 243 Ariz. at 274, 276, ¶¶ 4–8, 17; *Alvarado*, 240 Ariz. at 13–14, 18, ¶¶ 2–7, 28; *Bredvig v. Mason*, 1 CA-CV 22-0159 FC, 2022 WL 17982932, at **1–2, 3, ¶¶ 1–7, 16 (Ariz. App. Dec. 29, 2022) (mem. decision); *cf. McQuillen*, 249 Ariz. at 71, 74, ¶¶ 2–5, 17, 19 (affirming denial of a mother's request to set aside a voluntary-acknowledgment-based paternity determination based on her own misconduct in knowingly filing a false acknowledgment of paternity); *Andrew R.*, 223 Ariz. at 456, 458–59, ¶¶ 12, 19, 22 (reversing the superior court's order granting a mother's request to set aside a voluntary-acknowledgment-based paternity determination based on fraud in which she participated, albeit on different grounds).

¶18     The principle that we reaffirm here—that perpetrators of a fraud on the court are precluded, as a matter of law, from seeking relief from the resulting judgment on grounds of their own misconduct—is particularly important to ensure the finality of paternity judgments and serve a child's interest in permanency. *See McQuillen*, 249 Ariz. at 73, ¶ 11; *Alvarado*, 240 Ariz. at 15, ¶ 12; *Andrew R.*, 223 Ariz. at 460, ¶ 24. This holds true even if both parties to the proceeding committed the fraud: to rule otherwise would leave the very parties who perpetrated the fraud holding a get-out-of-parentage-free hole card, playable at will, for any reason, and in perpetuity, to unwind the paternity judgment. Whatever the reason behind the parent's change of heart, the child in question should not be left with such uncertainty.

¶19     Here, Ison admitted that she perpetrated a fraud on the court to secure a judgment declaring that Garcia was Child's father. Regardless whether Garcia also participated in the fraud, Ison is precluded from seeking relief from the paternity judgment based on her own fraudulent misrepresentations. *See McQuillen*, 249 Ariz. at 74, ¶ 17; *Worcester*, 192 Ariz. at 26, ¶ 6. The superior court thus erred by setting aside the judgment on this basis, and we reverse the ruling and reinstate the paternity judgment.

## II.    Leave to Amend.

¶20     The superior court denied Garcia's request for leave to amend his modification petition in light of its finding of fraud on the court and decision to set aside the paternity judgment. Because we reverse the set-aside decision, we likewise vacate the denial of leave to amend and remand for reconsideration.

## CONCLUSION

¶21     For the foregoing reasons, we reverse the superior court's ruling setting aside the paternity judgment, vacate its denial of leave to amend the petition to modify, and remand for further proceedings on the latter.

MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR