NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DONTE DION CLARKE, *Petitioner*.

No. 1 CA-CR 25-0374 PRPC

FILED 02-03-2026

Petition for Review from the Superior Court in Maricopa County
No. CR-2008-171210-002
The Honorable Jeffrey A. Rueter, Judge

**REVIEW DENIED**

COUNSEL

Donte Dion Clarke, Buckeye
*Appellant*

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge James B. Morse Jr. joined.

---

**F U R U Y A**, Judge:

¶1 Petitioner Donte D. Clarke ("Clarke") seeks review of the superior court's order denying his motion to modify his sentences, which we treat as a petition for post-conviction relief. This is Clarke's fourth petition. For the following reasons, we deny review.

## FACTS AND PROCEDURAL HISTORY

¶2 In August 2009, a jury found Clarke guilty of one count of sex trafficking, four counts of child prostitution, one count of attempted child prostitution, and two counts of aggravated assault. The court subsequently sentenced Clarke to a concurrent sentence of four years for four counts and a consecutive sentence of twenty-eight years for the remaining counts, totaling thirty-two years in prison. Clarke filed an *Anders* appeal, and we affirmed his convictions in November 2010.

¶3 Clarke then filed a notice of post-conviction relief in December 2010. In September 2011, Clarke's appointed counsel filed a notice stating he was unable to find any claims to raise and asked the court to permit Clarke to file a pro per petition. The court granted a 45-day extension, but Clarke did not file a petition within that time and the court dismissed the proceeding in December 2011. From December 2013 to February 2020, Clarke submitted three petitions for post-conviction relief, all of which the court denied for being untimely or failing to raise a colorable claim of relief.

¶4 In May 2025, Clarke filed a motion to modify his sentences, seeking a reduction and for his sentences to run concurrently. To support this motion, he raised seven arguments: (1) ineffective assistance of counsel; (2) inconsistencies in the victim's testimony; (3) Clarke's age at the time of the offense; (4) childhood trauma; (5) racism during sentencing; (6) his commitment to rehabilitation while in prison; and (7) his home plan upon release. The State objected to the motion as an untimely and legally deficient petition for post-conviction relief. The court denied Clarke's motion on

August 19, 2025, for lack of good cause. Clarke filed a notice of appeal several days later, and then on September 4, 2025, he also filed a petition for review. The State did not file a response.

¶5 On September 11, 2025, we dismissed Clarke's direct appeal for lack of jurisdiction. We explained that the court's order denying Clarke's motion to modify his sentences equated to a decision in a post-conviction relief proceeding, and as such, Clarke could appeal the order only through a petition for review. We now address Clarke's petition for review.

## DISCUSSION

¶6 Clarke argues (1) the court failed to consider "substantial evidence of rehabilitation, youth, and other mitigating circumstances;" (2) he "receive[d] constitutionally ineffective assistance of counsel;" (3) his consecutive sentences are excessive and disproportionate; and (4) he was denied due process.

¶7 Arizona Rule of Criminal Procedure ("Rule") 32.16 lays out the standards for a petition for review, with which unrepresented litigants are expected to comply. *Flynn v. Campbell*, 243 Ariz. 76, 83 ¶ 24 (2017) ("We hold unrepresented litigants in Arizona to the same standards as attorneys."). Rule 32.16 requires a petition for review to contain "specific references to the record for each material fact" and "citations to supporting legal authority . . . ." Ariz. R. Crim. P. 32.16(c)(2)(C)–(D). In providing this information, the petitioner must not make any false or misleading statements of fact or law. *See McNeil v. Hoskyns*, 236 Ariz. 173, 177–78 ¶ 20 (App. 2014) (rejecting wife's argument "that fraud on the court may be committed only by an officer of the court, not by a party").

¶8 Clarke failed to comply with these standards. In his petition, Clarke did not provide any citations to the record, and we will not scour the record to verify every material fact Clarke offers. Asking us to do so blurs the line between advocate and judge. *See State v. Brown*, 124 Ariz. 97, 100 (1979) ("A judge must be careful never to act in the dual capacity of judge and advocate."). Further, Clarke cites six cases that do not exist, and we will not review a petition which puts forth false or misleading legal authorities.

¶9 Thus, because Clarke failed to comply with Rule 32.16 and presented false case law, we deny review. Ariz. R. Crim. P. 32.16(k) (appellate review is discretionary).

## CONCLUSION

¶10       We deny review.



MATTHEW J. MARTIN • Clerk of the Court

**FILED**:       JR